# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT of TENNESSEE
# at WINCHESTER

UNITED STATES OF AMERICA )
)
v. )
)
ELIJAH MATTHEW DEAN )

4:23-cr- 6

Judge McDonough
Magistrate Judge Steger

## INDICTMENT

### Count One

The Grand Jury charges that on or about May 1, 2022, in the Eastern District of Tennessee and elsewhere, the defendant, ELIJAH MATTHEW DEAN, did knowingly employ, use, persuade, induce, entice, and coerce a minor B.S., a minor female seven years old, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce and using materials that have been mailed, shipped, and transported in and affecting interstate commerce by any means, including by computer, and such visual depiction was transported or transmitted using any means or facility of interstate commerce or in or affecting interstate commerce, all in violation of Title 18, United States Code, Section 2251(a).

The Grand Jury further charges that on or about May 2, 2022, in the Eastern District of Tennessee and elsewhere, the defendant, ELIJAH MATTHEW DEAN, did knowingly distribute at least one visual depiction that had been shipped and transported in interstate commerce, knowing that the production of such visual depiction involved a minor engaging in sexually explicit conduct and that such visual depiction was of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(2).

Count Three

The Grand Jury further charges that from on or about May 2022 until on or about July 25, 2022, in the Eastern District of Tennessee and elsewhere, the defendant, ELIJAH MATTHEW DEAN, did knowingly possess at least one matter which contains any visual depiction that had been shipped and transported using any means and facility of interstate commerce and transported using any means and facility of interstate and foreign commerce, including by computer, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(4)(B).

Count Four

The Grand Jury further charges that, starting in at least as early as July 2021 and continuing until in or about July 2022, in the Eastern District of Tennessee and elsewhere, the defendant ELIJAH MATTHEW DEAN, knowingly possessed material which contained an image of child pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), that is, an image of a minor engaging in sexually explicit conduct including

but not limited to the lascivious exhibition of the genitals and pubic area, and such image had been shipped and transported in and affecting interstate and foreign commerce, and had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, and at least one of the images of child pornography involved a prepubescent minor and a minor who had not attained twelve years of age, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

Forfeiture Allegations

1.      The allegations contained in Counts One, Two, and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

2.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 2251(a), 2252, and 2252A as set forth in Counts One, Two, and Three, the defendant, ELIJAH MATTHEW DEAN, shall forfeit to the United States pursuant to 18 U.S.C. § 2253 the following:

> a.      Any visual depiction described in Title 18, United States Code, Sections 2251, 2252, or 2252A or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

> b.      Any property, real or personal, constituting, or traceable to gross profits or other proceeds obtained from the offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3. The properties to be forfeited include, but are not limited to, the following:

a. HP Pavilion laptop computer, Model 15-cr0053wm, Serial Number 8CG922851M;

b. Black ASUS laptop;

c. Western Digital hard drive (1TB) Serial Number WX61A364DTKY;

d. Seagate Expansion Desktop drive Serial Number NA8FNKNY;

e. Seagate hard drive Serial Number 5JV7V7ST42;

f. Fujitsu hard drive Serial Number K64JT922TD6Y;

g. Apple iPhone 12, Model A2172, IMEI 353040114821290;

h. Apple iPhone 11, IMEI 353969109555168;

i. Samsung 32G Ero micro SD card;

j. Apple iPod Serial Number CCQSV9GAGGK6;

k. PNY flash drive 8GB; and

l. Twelve flash drives.

4. If any of the properties described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL:

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By:

Jay Woods
Assistant United States Attorney